IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ketra Whitfield, | ) | CASE NO. 1:20 CV 558 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| University Hospitals St. John | ) | **MEMORANDUM OPINION** |
| Medical Center, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## Background

*Pro se* plaintiff Ketra Whitfield has filed this *in forma pauperis* civil action against University Hospitals St. John's Medical Center and Westshore Primary Care Associates. (Doc. No. 1.) In her complaint, the plaintiff alleges that in August 2019, while she was in labor, she was given the labor-inducing drug Pitocin by employees and agents of the defendants without her knowledge and consent. Asserting claims for negligence and medical malpractice under state law (Count I), and the violation of her rights under the Fourteenth Amendment (Count II), she seeks damages for injuries she asserts she sustained.

## Standard of Review

Although *pro se* pleadings are construed liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), district courts are expressly required under 28 U.S.C. §1915(e)(2)(B) to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that

the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In order to state a claim on which relief may be granted for purposes of §1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

## Analysis

Upon review, the Court finds that the plaintiff's complaint must be dismissed.

First, even liberally construed, the plaintiff's complaint does not allege a plausible federal claim. In order to assert a damage claim for the violation of a constitutional right, the plaintiff must demonstrate a claim under 42 U.S.C. § 1983, which requires her to demonstrate that a constitutional right violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not create a cause of action against a private actor " 'no matter how . . . wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Private hospitals and their employees are generally not considered state actors under § 1983. *Bryant–Bruce v. Vanderbilt Univ., Inc.*, 974 F. Supp. 1127, 1142 (M.D. Tenn. 1997). Therefore, in order to hold a private actor to be subject to liability under § 1983, a plaintiff must

demonstrate that the actor engaged in conduct that is "fairly attributable to the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). The plaintiff may do so by showing that the defendants acted under the compulsion of the state (state compulsion test); engaged in an activity traditionally reserved to the state (public function test); or that their activities were sufficiently close and/or controlled by the state that their actions could fairly be attributed to it (nexus test). *See Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003).

The plaintiff's complaint fails to allege facts meeting any of these three tests. Accordingly, her complaint fails to allege a plausible federal claim against the defendants under the Fourteenth Amendment and § 1983.

Second, in the absence of any viable federal claim in the case, the court does not have jurisdiction to hear plaintiff's state-law negligence and medical malpractice claim. Under the diversity-of-citizenship statute, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states. . . ." 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). The plaintiff's complaint on its face indicates that she and the defendants are citizens of the same state, Ohio. Consequently, the plaintiff cannot bring any state-law claim against the defendants in federal court by way of the federal diversity statute.

## Conclusion

Accordingly, the plaintiff's motion to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and for the foregoing reasons, her complaint is dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B).[1]  The Court further certifies that an appeal from this decision could not be taken in good faith.  28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 23, 2020

---

[1] The dismissal is without prejudice to any claims the plaintiff may properly bring in a state court.